Donald Wade BATTLES, Appellant,

v.

The STATE of Texas, State.

No. 2–81–182–CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 16, 1981.

Robert C. Roe, Jr., Fort Worth, for appellant.

Tim Curry, Dist. Atty., Fort Worth, and Alejandro Gonzales, Asst. Dist. Atty., for the State.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a revocation of probation.

Appellant, Donald Wade Battles, was convicted of the offense of theft of property of the value of $200.00 or more but less than $10,000.00 on November 10, 1980 and assessed six years in the TDC, which sentence was probated for a period of six years.

Four of the terms and conditions of probation were:

(1) That appellant commit no offense against the State of Texas or any other state in the United States.

(2) That appellant pay his probationary fees as ordered by the Court.

(3) That appellant pay his court costs as ordered by the Court.

(4) That appellant pay his restitution fees as ordered by the Court.

Appellant was charged with violations of these conditions and terms of probation on or about February 11, 1981, specifically that he intentionally and knowingly possessed a controlled substance, phenmetrazine; and that he failed to pay probation fees, court costs and restitution in amounts ordered by the Court.

Upon trial of these charges, the Court found violations (as specified above) by appellant of the terms and convictions of his probation.

Appellant asserts four grounds of error on appeal.

The first ground is that the trial court abused its discretion in revoking appellant's

**150**

probation sentence based upon possession of a controlled substance, as such substance was seized as a result of an illegal search. The evidence pertaining to the search is summarized in the next paragraph.

Stephen G. Colwell, a Fort Worth police officer, responded to a disturbance call on February 11, 1981, to the 1300 block of Illinois Avenue, in Fort Worth, Texas. The disturbance concerned two black males discharging firearms in the neighborhood. Upon arrival, Officer Colwell saw Officer Jefferson in possession of a shotgun he had confiscated from one Clyde Robinson, Jr. Jefferson told Colwell to go to 1324 Illinois. Both officers went to that address where they observed a black male (later identified as the appellant) standing on the front porch of a home, behind a partially opened screen door, talking on the telephone and holding a handgun. Colwell was informed by one Joyce Diane Robinson that appellant and Clyde Robinson, Jr. had fired shots at each other and that appellant had pointed a handgun at her. The house in question was occupied by Joyce Diane Robinson as her residence. The officers directed appellant to come out of the home with his hands up. He did so and surrendered the handgun to Officer Jefferson. Appellant was arrested, read his rights and searched by the officers who found in appellant's boot a plastic bag, four syringes, a small test tube and a pair of prongs. Chemical analysis showed the plastic bag to contain phenmetrazine, a controlled substance.

Under V.A.C.C.P. art. 14.03 an officer has probable cause to arrest a person without a warrant if that person, (1) is found in a suspicious place; (2) is found under circumstances which would reasonably show him to have been guilty of some felony or breach of the peace or threatening or about to commit some offense. Searches incident to arrest under art. 14.03 are clearly authorized. *Crawford v. State*, 478 S.W.2d 456 (Tex.Cr.App.1972).

Our inquiry therefore is whether there was probable cause for the arrest. We conclude that there was. The events detailed above leading to the arrest and search of the appellant are sufficient to support the warrantless arrest. "When officers discover a person in a suspicious place and under circumstances which reasonably show an offense has been or is about to be committed, then they may make a lawful warrantless arrest under V.A.C.C.P. art. 14.03." *Lowery v. State*, 499 S.W.2d 160, 164 (Tex.Cr.App.1973).

We overrule ground of error number one.

Appellant's grounds of error numbers two, three and four can be considered collectively. All relate to the contention that the trial court abused its discretion in revoking appellant's probated sentence based upon the fact that appellant had not paid his court costs, probation fees and restitution fees as ordered in that appellant was financially unable to do so. In the hearing on this phase of the case, appellant pled "true". However, he testified that he was financially unable to make the payments as ordered. Financial inability to pay is an affirmative defense under V.A.C.C.P. art. 42.12 § 8(c), and appellant is required to prove the same by a preponderance of the evidence. *Jones v. State*, 589 S.W.2d 419 (Tex.Cr.App.1979). The trial court was under no obligation to withdraw appellant's plea of true even though he presents a defensive issue. *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Cr.App.1979). A plea of true standing alone is sufficient to support a revocation of probation. *Moses, supra.* In any event, the proof of any one of the alleged violations, i.e. the possession of a controlled substance, is sufficient to support the revocation of probation. *Moses, supra.*

Grounds of error two, three and four are overruled.

The judgment of the trial court is affirmed.