**William Rex DOUGLAS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–84–070–CR.**

Court of Appeals of Texas,
Fort Worth.

Nov. 15, 1984.

Kevin J. Clancy, Dallas, for appellant.

Henry Wade, Criminal Dist., Atty., and Kathi Alyce Drew, Asst. Dist. Atty., Dallas, for State.

Before ASHWORTH, BURDOCK and HILL, JJ.

OPINION

HILL, Justice.

William Rex Douglas appeals his conviction for the offense of unlawful possession of methamphetamine, after trial before the court upon his plea of not guilty. The trial court sentenced Douglas to five years imprisonment, suspended the imposition of the sentence, and placed Douglas on probation. Douglas' sole ground of error is that the trial court erred in overruling his motion to suppress the evidence which he claims was seized from his person pursuant to an illegal, warrantless arrest.

We affirm, because we do not find that the arrest of Douglas was an illegal arrest.

Elizabeth Stellone testified at the hearing on the motion to suppress that on April 21, 1983, she was a patrol officer for the City of Irving, Texas. She received a report that shots had been fired in the vicinity of 2001 Blackjack. She responded by going to the address on Blackjack. When she arrived, the caller pointed to a house across the street at 609 Burroaks and said, "he is in there." Officer Stellone said that she then proceeded to 609 Burroaks, where she found the victim lying in the front yard in a pool of blood. She and other officers, who had the same information, entered the house and found Douglas. They handcuffed him for their safety while they continued their investigation. Douglas was not free to leave from the time that he was handcuffed. Further investigation showed that Douglas had been seen near the body, had put something in a car parked outside the house, and had run back into the house upon being seen by a witness. Douglas was then taken to the Irving jail for investigation of homicide.

Officer Stellone testified that when the witness from 2001 Blackjack identified Douglas as the man seen running to the car, she arrested Douglas for investigation of homicide, read him his Miranda warnings, and transported him to the Irving Police Department jail. Upon arrival at the jail, Officer Stellone made a custodial search for weapons or contraband. When

she did so, she uncovered a contact lens case in Douglas' left front pocket which contained a white powder substance later identified as methamphetamine. Later, it was determined that Douglas did not shoot the victim.

Douglas complains that his warrantless arrest was illegal because it was not in compliance with TEX.CODE CRIM.PROC. ANN. art. 14.04 (Vernon 1977). Article 14.04 provides that:

Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused.

We do not reach the question as to whether the warrantless arrest of Douglas was proper under art. 14.04 of the Code of Criminal Procedure, because we find that the arrest was valid under the provisions of TEX.CODE CRIM.PROC.ANN. art. 14.03 (Vernon Supp.1984), which provides:

Any peace officer may arrest, without warrant:

(a) persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws; ...

Someone had been shot. The citizen witnesses referred the investigating officers to Douglas, the only person present on the premises where the dead body lay, by telling the officers, "there he is." We hold that under these facts Douglas was found in a suspicious place and under circumstances which would reasonably show that such person had been guilty of some felony or breach of the peace. *See Battles v. State*, 626 S.W.2d 149, 150 (Tex.App.—Fort Worth 1981, no pet.). We overrule ground of error number one.

The judgment is affirmed.