COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-322-CR
 
KENNETH TERRELL HARRISON       
           
           
           
           
    APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
           
  STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
        On
October 6, 2000, appellant Kenneth Terrell Harrison pleaded guilty to the
offense of injury to a child and was sentenced to ten years' imprisonment. The
trial court suspended his sentence and placed him on community supervision for
ten years. On July 29, 2002, the trial court revoked appellant's community
supervision after he pleaded true to two alleged violations of the terms of his
community supervision. The trial court then sentenced appellant to seven years'
imprisonment. Appellant challenges the trial court's judgment of revocation.
        In
appellant's sole point, he argues the trial court erred in revoking his
community supervision because he was financially unable to meet the obligations
that were violated and because he lived with his mother as required under the
terms of community supervision. Because appellant pleaded true without condition
to failing to submit to a urine test and attend sexual misconduct counseling as
required under the terms of his community supervision, the trial court did not
abuse its discretion in revoking appellant's community supervision. See
Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979)
("Appellant's plea of true, standing alone is sufficient to support the
revocation of probation."). Although appellant introduced evidence at the
hearing that raised the issue of his inability to pay for the urine test and
sexual misconduct counseling, the trial court was under no duty to withdraw the
plea of true under the circumstances. Id.; Battles
v. State, 626 S.W.2d 149, 150 (Tex. App.--Fort Worth 1981, no pet.); see
also Hays v. State, 933 S.W.2d 659, 661 (Tex. App.--San Antonio 1996, no
pet.) ("[A]ppellant's violation of probation was supported solely by his
plea of true, notwithstanding the fact that the State offered nothing to rebut
his defense."). We overrule appellant's sole point.
        We
affirm the trial court's judgment.
 
                                                                       
SAM J. DAY
                                                                       
JUSTICE
 
PANEL A: DAY and LIVINGSTON, JJ.; and DAVID L. RICHARDS, J. (Sitting by
Assignment).
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: June 5, 2003

1. See Tex. R. App. P. 47.4.