KENNETH TERRELL HARRISON V. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-322-CR

KENNETH TERRELL HARRISON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

On October 6, 2000, appellant Kenneth Terrell Harrison pleaded guilty to the offense of injury to a child and was sentenced to ten years’ imprisonment. The trial court suspended his sentence and placed him on community supervision for ten years.  On July 29, 2002, the trial court revoked appellant’s community supervision after he pleaded true to two alleged violations of the terms of his community supervision.  The trial court then sentenced appellant to seven years’ imprisonment.  Appellant challenges the trial court’s judgment of revocation.

In appellant’s sole point, he argues the trial court erred in revoking his community supervision because he was financially unable to meet the obligations that were violated and because he lived with his mother as required under the terms of community supervision.  Because appellant pleaded true without condition to failing to submit to a urine test and attend sexual misconduct counseling as required under the terms of his community supervision, the trial court did not abuse its discretion in revoking appellant’s community supervision.  
See Moses v. State
, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979) (“Appellant's plea of true, standing alone is sufficient to support the revocation of probation.”).  Although appellant introduced evidence at the hearing that raised the issue of his inability to pay for the urine test and sexual misconduct counseling, the trial court was under no duty to withdraw the plea of true under the circumstances.  
Id.
; 
Battles v. State
, 626 S.W.2d 149, 150 (Tex. App.—Fort Worth 1981, no pet.); 
see also Hays v. State
, 933 S.W.2d 659, 661 (Tex. App.—San Antonio 1996, no pet.) (“[A]ppellant's violation of probation was supported solely by his plea of true, notwithstanding the fact that the State offered nothing to rebut his defense.”).  We overrule appellant’s sole point.

We affirm the trial court’s judgment.     

SAM J. DAY

JUSTICE

PANEL A: DAY and LIVINGSTON, JJ.; and DAVID L. RICHARDS, J. (Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  June 5, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.