COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                    NOS.
2-07-286-CR and 

   
2-07-296-CR

 

DESHOWN EUGENE LUCKEY                                                 APPELLANT



A/K/A DESHOWN LUCKEY

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Deshown Eugene Luckey a/k/a Deshown
Luckey appeals from the trial court=s
judgment adjudicating guilt.  We affirm.








As part of a plea-bargain agreement, appellant
pleaded guilty to burglary of a habitation and possessing a prohibited weapon
and was placed on ten years=
deferred-adjudication community supervision. 
The State subsequently petitioned the trial court to revoke appellant=s
community supervision and enter an adjudication of guilt, alleging that
appellant had violated a number of the conditions of his community supervision.

The trial court held a hearing on the State=s
petition, and appellant pleaded Atrue@ to
allegations that he failed to report as directed and failed to provide a
urinalysis sample for testing.  Appellant
pleaded Anot true@ to an
allegation that he committed a new offense by assaulting Clifford Anderson.

Clifford testified that around four o=clock in
the afternoon  on January 28, 2007, he
was driving northbound on McCart Street in Fort Worth when he noticed appellant
behind him and to the left driving a Chevy Tahoe.  Appellant=s wife,
Marcella, was in the Tahoe with appellant. 
Appellant was cursing and yelling at Clifford to pull over and fight
with him.  Traffic was heavy, and at a
stop light Clifford was boxed in by cars on either side of him when appellant
hopped out of his car, came around to Clifford=s open
window, and punched him in the mouth. 
The light changed and appellant climbed back into his car and sped
away.  Clifford=s lip
was cut and required fourteen stitches to repair.








Appellant testified that he was not in his Tahoe
on January 28, 2007, and that he did not see Clifford on that day because he
was working at Jazzy Wings cleaning grease from a hood over the stove.  He testified that Clifford had been helping
him obtain a commercial driver=s
license and that Clifford had also been dating his wife.  Appellant testified that Clifford was lying
to get appellant=s probation revoked so that he
could continue seeing his wife with him out of the way.

The trial court found the State=s allegations
that appellant had violated the conditions of his community supervision true
based upon the testimony and  appellant=s
pleading true to two of the allegations and sentenced appellant to three years=
confinement.

In four points on appeal, appellant contends that
his trial counsel provided ineffective assistance.  To establish ineffective assistance of
counsel, appellant must show by a preponderance of the evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.[2]








In evaluating the effectiveness of counsel under
the first prong, we look to the totality of the representation and the
particular circumstances of each case.[3]  The issue is whether counsel=s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.[4]  Review of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct fell within a wide
range of reasonable representation.[5]  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.[6]  AIn the
majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel=s
actions.@[7]  To overcome the presumption of reasonable
professional assistance, Aany allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.@[8]  It is not appropriate for an appellate court
to simply infer ineffective assistance based upon unclear portions of the
record.[9]








The second prong requires a showing that counsel=s errors
were so serious that they deprived the defendant of a fair trial.[10]  In other words, appellant must show there is
a reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been different.[11]  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.[12]  The ultimate focus of our inquiry must be on
the fundamental fairness of the proceeding in which the result is being
challenged.[13]








In his first point, appellant claims that counsel=s
representation at the adjudication hearing was deficient because he did not
call two witnesses who could dispute Clifford =s
testimony that appellant attacked him on January 28, 2007, at approximately
four o=clock in
the afternoon.  The first witness
appellant faults counsel for not calling was appellant=s boss,
Philemon Brown.  According to appellant,
Brown would have testified that appellant was working at the time Clifford
claims appellant attacked him.  Appellant
also claims counsel should have called Marcella to testify at the hearing.  According to appellant, Marcella would have
testified that she was at work when the attack occurred, which would have
contradicted Clifford=s testimony that she was in
appellant=s car at the time.

Even if we were to assume that these witnesses
would have provided appellant credible alibis, appellant=s
ineffective assistance claim fails because Strickland=s second
prong cannot be met.  The witnesses would
have testified to only one of the allegations that formed the basis of
appellant=s adjudication.  Appellant, however, pleaded Atrue@ to two
allegations.  A single plea of true,
standing alone, is sufficient to support the revocation of community
supervision.[14]  Proof by a preponderance of the evidence of
any one of the alleged violations of the conditions of community supervision is
sufficient to support a revocation order.[15]

Because appellant pleaded true to other
allegations in the State=s petition, he cannot show he
was harmed by counsel=s failure to call witnesses that
would have testified only to a different allegation.  We overrule appellant=s first
point.








In his second point, appellant faults counsel for
not presenting his motion for new trial to the trial court.  It is clear from the record, however, that
counsel did present the motion to the trial court and that he even urged the
court to reconsider when the court decided to let the motion expire by
operation of law.  The trial court noted
that counsel Afiled and urged a motion for new
trial@ and was
Aquite
diligent in presenting and pursuing in trying to get the Court to reconsider
the obvious decision to let the motion for new trial expire by operation of
law.@  We overrule point two.

In points three and four, appellant contends that
counsel=s
failure to communicate with him and counsel=s
failure to timely withdraw from representing him deprived him of a timely
appeal.  Appellant, however, was able to
exercise his right to appeal, and the appeal is timely.  We, therefore, overrule points three and four
as moot.[16]









Having
overruled all of appellant=s points
on appeal, we affirm the judgment of the trial court.

 

PER CURIAM

 

 

PANEL:  CAYCE, C.J.; LIVINGSTON
and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 5, 2009

 











[1]See Tex. R. App. P. 47.4.





[2]Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d 734, 740 (Tex.
Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex. Crim. App.
2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999).





[3]Thompson, 9 S.W.3d at 813.





[4]See Strickland, 466 U.S. at 688B89, 104 S. Ct. at 2065.





[5]Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.





[6]Thompson, 9 S.W.3d at 813B14.





[7]Salinas, 163 S.W.3d at 740
(quoting Mallett, 65 S.W.3d at 63).





[8]Id. (quoting Thompson,
9 S.W.3d at 813).





[9]Mata v. State, 226 S.W.3d 425,
432(Tex. Crim. App. 2007).





[10]Strickland, 466 U.S. at 687, 104 S.
Ct. at 2064.





[11]Id. at 694, 104 S. Ct. at
2068.





[12]Id.





[13]Id. at 697, 104 S. Ct. at
2070.





[14]Cole v. State, 578 S.W.2d 127, 128
(Tex. Crim. App. [Panel Op.] 1979); Battles v. State, 626 S.W.2d 149,
150 (Tex. App.CFort Worth 1981, pet. ref=d).





[15]Moore v. State, 605 S.W.2d 924, 926
(Tex. Crim. App. [Panel Op.] 1980); Sanchez v. State, 603 S.W.2d 869,
871 (Tex. Crim. App. [Panel Op.] 1980).





[16]See Wood v. State, No. 08-00-00314-CR,
2002 WL 1732524, at *4 (Tex. App.CEl Paso July 25, 2002, no pet.)(not designated
for publication); Walker v. State, No. 14-90-1142-CR, 1993 WL 210353 at
*3 (Tex. App.CHouston [14th Dist.] June
17, 1993, no pet.)(not designated for publication).