

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NOS. 2-07-286-CR and**
**2-07-296-CR**

DESHOWN EUGENE LUCKEY                                                      APPELLANT
A/K/A DESHOWN LUCKEY

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Deshown Eugene Luckey a/k/a Deshown Luckey appeals from

the trial court's judgment adjudicating guilt.  We affirm.

As part of a plea-bargain agreement, appellant pleaded guilty to burglary

of a habitation and possessing a prohibited weapon and was placed on ten

years' deferred-adjudication community supervision.  The State subsequently

---

[1] *See* Tex. R. App. P. 47.4.

petitioned the trial court to revoke appellant's community supervision and enter an adjudication of guilt, alleging that appellant had violated a number of the conditions of his community supervision.

The trial court held a hearing on the State's petition, and appellant pleaded "true" to allegations that he failed to report as directed and failed to provide a urinalysis sample for testing. Appellant pleaded "not true" to an allegation that he committed a new offense by assaulting Clifford Anderson.

Clifford testified that around four o'clock in the afternoon on January 28, 2007, he was driving northbound on McCart Street in Fort Worth when he noticed appellant behind him and to the left driving a Chevy Tahoe. Appellant's wife, Marcella, was in the Tahoe with appellant. Appellant was cursing and yelling at Clifford to pull over and fight with him. Traffic was heavy, and at a stop light Clifford was boxed in by cars on either side of him when appellant hopped out of his car, came around to Clifford's open window, and punched him in the mouth. The light changed and appellant climbed back into his car and sped away. Clifford's lip was cut and required fourteen stitches to repair.

Appellant testified that he was not in his Tahoe on January 28, 2007, and that he did not see Clifford on that day because he was working at Jazzy Wings cleaning grease from a hood over the stove. He testified that Clifford had been helping him obtain a commercial driver's license and that Clifford had

2

also been dating his wife. Appellant testified that Clifford was lying to get appellant's probation revoked so that he could continue seeing his wife with him out of the way.

The trial court found the State's allegations that appellant had violated the conditions of his community supervision true based upon the testimony and appellant's pleading true to two of the allegations and sentenced appellant to three years' confinement.

In four points on appeal, appellant contends that his trial counsel provided ineffective assistance. To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different.[2]

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.[3] The issue is whether counsel's assistance was reasonable under all the

---

[2] *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

[3] *Thompson*, 9 S.W.3d at 813.

3

circumstances and prevailing professional norms at the time of the alleged error.[4] Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation.[5] A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.[6] "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions."[7] To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness."[8] It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record.[9]

---

[4] *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065.

[5] *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63.

[6] *Thompson*, 9 S.W.3d at 813–14.

[7] *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63).

[8] *Id.* (quoting *Thompson*, 9 S.W.3d at 813).

[9] *Mata v. State*, 226 S.W.3d 425, 432(Tex. Crim. App. 2007).

The second prong requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial.[10] In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[11] A reasonable probability is a probability sufficient to undermine confidence in the outcome.[12] The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged.[13]

In his first point, appellant claims that counsel's representation at the adjudication hearing was deficient because he did not call two witnesses who could dispute Clifford 's testimony that appellant attacked him on January 28, 2007, at approximately four o'clock in the afternoon. The first witness appellant faults counsel for not calling was appellant's boss, Philemon Brown. According to appellant, Brown would have testified that appellant was working at the time Clifford claims appellant attacked him. Appellant also claims counsel should have called Marcella to testify at the hearing. According to appellant, Marcella would have testified that she was at work when the attack

---

[10] *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

[11] *Id.* at 694, 104 S. Ct. at 2068.

[12] *Id.*

[13] *Id.* at 697, 104 S. Ct. at 2070.

5

occurred, which would have contradicted Clifford's testimony that she was in appellant's car at the time.

Even if we were to assume that these witnesses would have provided appellant credible alibis, appellant's ineffective assistance claim fails because *Strickland's* second prong cannot be met. The witnesses would have testified to only one of the allegations that formed the basis of appellant's adjudication. Appellant, however, pleaded "true" to two allegations. A single plea of true, standing alone, is sufficient to support the revocation of community supervision.[14] Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order.[15]

Because appellant pleaded true to other allegations in the State's petition, he cannot show he was harmed by counsel's failure to call witnesses that would have testified only to a different allegation. We overrule appellant's first point.

---

[14] *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Battles v. State*, 626 S.W.2d 149, 150 (Tex. App.—Fort Worth 1981, pet. ref'd).

[15] *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

In his second point, appellant faults counsel for not presenting his motion for new trial to the trial court. It is clear from the record, however, that counsel did present the motion to the trial court and that he even urged the court to reconsider when the court decided to let the motion expire by operation of law. The trial court noted that counsel "filed and urged a motion for new trial" and was "quite diligent in presenting and pursuing in trying to get the Court to reconsider the obvious decision to let the motion for new trial expire by operation of law." We overrule point two.

In points three and four, appellant contends that counsel's failure to communicate with him and counsel's failure to timely withdraw from representing him deprived him of a timely appeal. Appellant, however, was able to exercise his right to appeal, and the appeal is timely. We, therefore, overrule points three and four as moot.[16]

---

[16] *See Wood v. State*, No. 08-00-00314-CR, 2002 WL 1732524, at *4 (Tex. App.—El Paso July 25, 2002, no pet.)(not designated for publication); *Walker v. State*, No. 14-90-1142-CR, 1993 WL 210353 at *3 (Tex. App.—Houston [14th Dist.] June 17, 1993, no pet.)(not designated for publication).

7

Having overruled all of appellant's points on appeal, we affirm the judgment of the trial court.

PER CURIAM

PANEL:  CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 5, 2009

8