

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-284-CR

MICHAEL JASON GAITHER                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In a single point, appellant Michael Jason Gaither appeals the legal sufficiency of the evidence supporting the trial court's finding that he committed the new offense of burglary of a habitation as alleged in the State's petition to adjudicate. We affirm.

On July 2, 2007, appellant pled guilty to assault causing bodily injury of a family or household member, enhanced with a prior conviction for the same offense. In accordance with a plea bargain, the trial court placed appellant on three years' deferred adjudication community supervision. As conditions of appellant's

---

[1] See Tex. R. App. P. 47.4.

community supervision, he was to refrain from committing any new criminal offenses, abstain from the use of controlled substances, marijuana, and alcoholic beverages, submit to a substance abuse assessment, attend and successfully complete treatment, and submit to drug and alcohol testing.

On September 13, 2007, the State filed a petition to adjudicate appellant guilty of the original assault offense. The State dismissed that petition on November 2, 2007 and filed a second petition to adjudicate on June 1, 2009. The second petition alleged in the first paragraph that on May 17, 2009, appellant intentionally or knowingly entered a part of Joseph Dial's habitation without Dial's consent, with the intent to commit assault. *See* Tex. Penal Code Ann. § 30.02(a)(1) (Vernon 2003). The second paragraph alleged that appellant threatened to murder Dial in retaliation for reporting the burglary alleged in paragraph one. *See id*. § 36.06(a)(1)(B) (Vernon Supp. 2009). Paragraph three alleged six different instances of drug use, including cocaine, heroin, and morphine. Paragraph four alleged one instance of failure to submit to a urinalysis. And the final paragraph alleged that appellant failed to pay community supervision fees for fifteen months.

At the hearing on the petition to adjudicate, appellant pled not true to the burglary and retaliation allegations, pled true to the four allegations of cocaine use, pled not true to the allegation of heroin use and the allegation of morphine use, pled not true to the allegation of failure to submit a urinalysis, and, finally, pled true to all of the failure to pay allegations. After a hearing, the trial court found paragraph one,

2

the burglary allegation, and paragraphs 3a-d, the cocaine use allegations, to be true and sentenced appellant to five years' confinement.

Appellant contends that there is no evidence to support the burglary allegation and there is a "reasonable probability" that without that finding—even though he pled true to the allegations of cocaine use—the trial court would not have adjudicated him guilty, would not have sentenced him to a period of confinement, or would not have sentenced him to such a long period of confinement. But each of appellant's pleas of true to the four separate allegations of cocaine use, standing alone, is sufficient to support the trial court's decision to adjudicate. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Atchison v. State*, 124 S.W.3d 755, 758–59 (Tex. App.—Austin 2003, pet. ref'd); *Battles v. State*, 626 S.W.2d 149, 150 (Tex. App.—Fort Worth 1981, no pet.); *see also* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2009) (providing that decision to adjudicate is reviewable in same manner as decision to revoke community supervision that did not result from deferred adjudication). Accordingly, we conclude and hold that regardless of whether there is evidence supporting the trial court's finding on the burglary allegation, the trial court did not abuse its discretion by adjudicating appellant guilty based on his four true pleas to the cocaine use allegations. *See Moses*, 590 S.W.2d at 470; *Segura v. State*, No. 07-08-00492-CR, 2009 WL 3380349, at *2–3 (Tex. App.—Amarillo Oct. 20, 2009, no pet.) (mem. op., not designated for publication); *Uriegas v. State*, No. 03-07-00647-CR, 2008 WL 5423147, at *1 (Tex. App.—Austin

3

Dec. 30, 2008, no pet.) (mem. op., not designated for publication).  Moreover, the sentence imposed by the trial court is well within the range of punishment for the original offense for which appellant was placed on deferred adjudication.  *See* Tex. Penal Code Ann. §§ 12.34(a), 22.01(a)(1), (b)(2) (Vernon Supp. 2009).

We overrule appellant's sole point and affirm the trial court's judgment.


TERRIE LIVINGSTON
JUSTICE

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 4, 2010