COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                                 NO.
2-09-284-CR

 

 

MICHAEL JASON GAITHER                                                               APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

              FROM THE 371ST
DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

In a single point, appellant Michael
Jason Gaither appeals the legal sufficiency of the evidence supporting the
trial court=s finding that he committed the new
offense of burglary of a habitation as alleged in the State=s petition to adjudicate.  We affirm.








On July 2, 2007, appellant pled
guilty to assault causing bodily injury of a family or household member,
enhanced with a prior conviction for the same offense.  In accordance with a plea bargain, the trial
court placed appellant on three years= deferred adjudication community supervision.  As conditions of appellant=s community supervision, he was to
refrain from committing any new criminal offenses, abstain from the use of
controlled substances, marijuana, and alcoholic beverages, submit to a
substance abuse assessment, attend and successfully complete treatment, and
submit to drug and alcohol testing.

On September 13, 2007, the State
filed a petition to adjudicate appellant guilty of the original assault
offense.  The State dismissed that
petition on November 2, 2007 and filed a second petition to adjudicate on June
1, 2009. The second petition alleged in the first paragraph that on May 17, 2009,
appellant intentionally or knowingly entered a part of Joseph Dial=s habitation without Dial=s consent, with the intent to commit
assault.  See Tex. Penal Code Ann.
' 30.02(a)(1) (Vernon 2003).  The second paragraph alleged that appellant
threatened to murder Dial in retaliation for reporting the burglary alleged in
paragraph one.  See id. ' 36.06(a)(1)(B) (Vernon Supp.
2009). Paragraph three alleged six different instances of drug use, including
cocaine, heroin, and morphine.  Paragraph
four alleged one instance of failure to submit to a urinalysis.  And the final paragraph alleged that
appellant failed to pay community supervision fees for fifteen months.








At the hearing on the petition to
adjudicate, appellant pled not true to the burglary and retaliation
allegations, pled true to the four allegations of cocaine use, pled not true to
the allegation of heroin use and the allegation of morphine use, pled not true
to the allegation of failure to submit a urinalysis, and, finally, pled true to
all of the failure to pay allegations. 
After a hearing, the trial court found paragraph one, the burglary
allegation, and paragraphs 3a-d, the cocaine use allegations, to be true and
sentenced appellant to five years= confinement.








Appellant contends that there is no
evidence to support the burglary allegation and there is a Areasonable probability@ that without that findingCeven though he pled true to the
allegations of cocaine useCthe trial court would not have
adjudicated him guilty, would not have sentenced him to a period of
confinement, or would not have sentenced him to such a long period of
confinement.  But each of appellant=s pleas of true to the four separate
allegations of cocaine use, standing alone, is sufficient to support the trial
court=s decision to adjudicate.  See Moses v. State, 590 S.W.2d 469,
470 (Tex. Crim. App. 1979); Atchison v. State, 124 S.W.3d 755, 758B59 (Tex. App.CAustin 2003, pet. ref=d); Battles v. State, 626
S.W.2d 149, 150 (Tex. App.CFort Worth 1981, no pet.); see
also Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2009) (providing that decision to
adjudicate is reviewable in same manner as decision to revoke community
supervision that did not result from deferred adjudication).  Accordingly, we conclude and hold that
regardless of whether there is evidence supporting the trial court=s finding on the burglary allegation,
the trial court did not abuse its discretion by adjudicating appellant guilty
based on his four true pleas to the cocaine use allegations.  See Moses, 590 S.W.2d at 470; Segura
v. State, No. 07-08-00492-CR, 2009 WL 3380349, at *2B3 (Tex. App.CAmarillo Oct. 20, 2009, no pet.)
(mem. op., not designated for publication); Uriegas v. State, No.
03-07-00647-CR, 2008 WL 5423147, at *1 (Tex. App.CAustin Dec. 30, 2008, no pet.) (mem. op., not designated for
publication).  Moreover, the sentence
imposed by the trial court is well within the range of punishment for the
original offense for which appellant was placed on deferred
adjudication.  See Tex. Penal Code Ann. '' 12.34(a), 22.01(a)(1), (b)(2)
(Vernon Supp. 2009).

We overrule appellant=s sole point and affirm the trial
court=s judgment.

 

 

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P.
47.2(b)

 

DELIVERED:  March 4, 2010











[1]See Tex. R.
App. P. 47.4.