

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

---

**NOS.   2-09-240-CR**
**2-09-241-CR**

---

RAUL RAMIREZ                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In 2007, appellant Raul Ramirez was charged by separate indictments with possessing with the intent to deliver methamphetamine in an amount between four and two hundred grams and theft of rolls of copper that had a value between $1,500 and $20,000.  *See* Tex. Health & Safety Code Ann. §§ 481.102(6), .112(a), (d) (Vernon Supp. 2009); Tex. Penal Code Ann. § 31.03(a), (e)(4)(A) (Vernon Supp.

---

[1] *See* Tex. R. App. P. 47.4.

2009).[2]  Later that year, he received written admonishments, waived certain constitutional and statutory rights, entered judicial confessions, and pled guilty to both offenses.  The trial court deferred its adjudication of Ramirez's guilt and placed him on community supervision (with several written conditions that Ramirez acknowledged that he received) in both cases.

In 2009, the State filed a petition in both cases that asked the trial court to proceed to adjudication of Ramirez's guilt.  The petition alleged, among other contentions, that Ramirez had committed a new offense and had failed to submit to drug tests.  Ramirez pled not true to committing a new offense but pled true to failing to submit to two drug tests.  The trial court decided that Ramirez had committed a new offense and had not submitted to drug tests, and the court found Ramirez guilty of the underlying offenses.[3]  Ramirez called witnesses to testify about his acts while he was on community supervision and about other matters, and then the trial court assessed his punishment at fifteen years' confinement on his drug charge and one year's confinement on his theft charge.  Ramirez filed notice of these appeals.

---

[2] Ramirez's drug charge is a first-degree felony that carries a maximum punishment of confinement for life; his theft charge is a state jail felony that carries a maximum punishment of two years' confinement.  *See* Tex. Health & Safety Code Ann. § 481.112(d); Tex. Penal Code Ann. §§ 12.32(a), .35(a), 31.03(e)(4)(A) (Vernon Supp. 2009).

[3] Ramirez's plea of true to failing to submit to drug tests provided the trial court with a sufficient basis alone to revoke his community supervision.  *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Battles v. State*, 626 S.W.2d 149, 150 (Tex. App.—Fort Worth 1981, no pet.).

Ramirez's counsel has filed a motion to withdraw as counsel and a brief. In the brief, counsel avers that, in her professional opinion, there are no legitimate grounds for these appeals. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). We gave Ramirez the opportunity to file a pro se response, and he has not filed one. The State also has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record in both appeals and counsel's brief. We agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the record that might arguably support the appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

TERRIE LIVINGSTON

3

CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 29, 2010