COURT OF APPEALS

                                                 SECOND DISTRICT
OF TEXAS

                                                                FORT
WORTH

 

 

      
NOS.         2-09-240-CR

2-09-241-CR

 

 

RAUL RAMIREZ                                                                                 APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

              FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------








In
2007, appellant Raul Ramirez was charged by separate indictments with
possessing with the intent to deliver methamphetamine in an amount between four
and two hundred grams and theft of rolls of copper that had a value between
$1,500 and $20,000.  See Tex.
Health & Safety Code Ann. ''
481.102(6), .112(a), (d) (Vernon Supp. 2009); Tex. Penal Code Ann. ' 31.03(a),
(e)(4)(A) (Vernon Supp. 2009).[2]  Later that year, he received written
admonishments, waived certain constitutional and statutory rights, entered
judicial confessions, and pled guilty to both offenses.  The trial court deferred its adjudication of
Ramirez=s
guilt and placed him on community supervision (with several written conditions
that Ramirez acknowledged that he received) in both cases.

In
2009, the State filed a petition in both cases that asked the trial court to
proceed to adjudication of Ramirez=s
guilt.  The petition alleged, among other
contentions, that Ramirez had committed a new offense and had failed to submit
to drug tests.  Ramirez pled not true to
committing a new offense but pled true to failing to submit to two drug
tests.  The trial court decided that
Ramirez had committed a new offense and had not submitted to drug tests, and
the court found Ramirez guilty of the underlying offenses.[3]  Ramirez called witnesses to testify about his
acts while he was on community supervision and about other matters, and then
the trial court assessed his punishment at fifteen years=
confinement on his drug charge and one year=s
confinement on his theft charge.  Ramirez
filed notice of these appeals.








Ramirez=s
counsel has filed a motion to withdraw as counsel and a brief.  In the brief, counsel avers that, in her
professional opinion, there are no legitimate grounds for these appeals.  Counsel=s
brief and motion meet the requirements of Anders v. California by
presenting a professional evaluation of the record demonstrating why there are
no arguable grounds for relief.  386 U.S. 738, 744B45,
87 S. Ct. 1396, 1400 (1967).  We gave
Ramirez the opportunity to file a pro se response, and he has not filed
one.  The State also has not filed a
brief.

Once
an appellant=s
court-appointed attorney files a motion to withdraw on the ground that the
appeal is frivolous and fulfills the requirements of Anders, this court
is obligated to undertake an independent examination of the record.  See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d 920, 922B23
(Tex. App.CFort
Worth 1995, no pet.).  Only then may we
grant counsel=s
motion to withdraw.  See Penson v.
Ohio, 488 U.S. 75, 82B83, 109 S. Ct. 346, 351
(1988).

We
have carefully reviewed the record in both appeals and counsel=s
brief.  We agree with counsel that these
appeals are wholly frivolous and without merit; we find nothing in the record
that might arguably support the appeals.  See Bledsoe v. State, 178 S.W.3d 824, 827B28
(Tex. Crim. App. 2005).  Accordingly, we
grant counsel=s
motion to withdraw and affirm the trial court=s
judgments.

 

TERRIE LIVINGSTON








CHIEF JUSTICE

 

PANEL:  LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  April 29, 2010











[1]See Tex. R. App. P. 47.4.





[2]Ramirez=s drug charge is a
first-degree felony that carries a maximum punishment of confinement for life;
his theft charge is a state jail felony that carries a maximum punishment of
two years= confinement.  See Tex. Health & Safety Code Ann.
' 481.112(d); Tex.
Penal Code Ann. '' 12.32(a), .35(a),
31.03(e)(4)(A) (Vernon Supp. 2009).





[3]Ramirez=s plea of true to
failing to submit to drug tests provided the trial court with a sufficient
basis alone to revoke his community supervision.  See Cole v. State, 578
S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); Battles v. State,
626 S.W.2d 149, 150 (Tex. App.CFort Worth 1981, no
pet.).