COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                        NO. 2-09-298-CR

 

 

ESSIE OLA PURNELL                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 211TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

In 2006, a Denton County grand jury indicted
appellant Essie Ola Purnell 








with
forgery of a check, which is a state jail felony.  Tex. Penal Code Ann. ' 32.21(b), (d) (Vernon Supp. 2009).  Later that year, under a plea bargain
agreement, appellant received written admonishments, waived certain
constitutional and statutory rights, and pled guilty.  The trial court deferred its adjudication of
appellant=s
guilt and placed her on three years= community supervision with several written
conditions.

In 2009, the State filed a motion that asked the
trial court to proceed to the adjudication of appellant=s guilt. 
The State=s
motion asserted that appellant had, among several other acts, used illegal
drugs, failed to report to her supervision officer on several occasions, and
failed to complete her community service obligations.  The State=s motion was delivered to appellant, and the
trial court appointed counsel to represent her. 
At a hearing on the motion, appellant pled true to the motion=s allegations, and after she read a letter to the
court to ask for leniency, the court found her guilty of the forgery offense
and sentenced her to eighteen months= confinement.[2]  Appellant filed her notice of this appeal.








Appellant=s appellate counsel has filed a motion to
withdraw as counsel (contending that appellant=s appeal is Aill-founded@) and a brief. 
In the brief, counsel concludes that, in his professional opinion, there
is no arguable error to appeal from. 
Counsel=s
brief and motion meet the requirements of Anders v. California by
presenting a professional evaluation of the record demonstrating why there are
no arguable grounds for relief.  386 U.S.
738, 744B45, 87 S. Ct. 1396, 1400 (1967).

We note that despite the ultimate conclusion of
appellant=s
counsel=s brief that there are no arguable grounds for
relief, part of the brief states that there is one potential basis for this
appeal because appellant was allegedly not Aproperly advised on the record at any time as to
her full rights with regard to a contested [revocation] hearing and all the
ancillary rights associated therewith.@[3] 
The court of criminal appeals has held that statutory admonishments
are not required in community supervision revocation proceedings.  Harris v. State, 505 S.W.2d 576, 578
(Tex. Crim. App. 1974). Also, the record from appellant=s hearing reveals the following exchange:

[THE
COURT:]  Ms. Purnell, have you seen a
copy of the State=s motion to revoke your probation and proceed to adjudication?

 

THE
DEFENDANT:  Yes, sir.

 

THE
COURT:  Do you feel like you understand
what the State is saying you did in that motion?

 

THE
DEFENDANT:  Yes, sir.

 








THE
COURT:  I will tell you that you can
challenge that motion.  During that
process, you=d have your very fine lawyer, Mr. Peugh, by your side helping you
out.  You could call witnesses in your
own behalf, confront and cross-examine witnesses brought against you.  You can remain silent and require the State
to prove that at least one of those allegations is true and correct to my
satisfaction.

You understand
you could have that part of the hearing if you wanted to?

 

THE
DEFENDANT:  Yes, sir.

 

THE
COURT:  My understanding from what your
attorney just said is that you do not want to do that, that you want to plead
true to the State=s motion and just have the issue of punishment presented to me, I
guess whether or not to revoke you.  I
might not revoke you on a plea of true as well, or I could go ahead and put you
on a regular probation or go ahead and send you to the state jail for up to two
years.  So you understand I have that
full range open if you plead true?

 

THE
DEFENDANT:  Yes, sir.

 

THE COURT:  All right.  And what -- what do you want to do?  Do you want to plead true, or do you want to
plead not true and make the State prove it?     

 

(Brief pause
in proceedings.)

 

THE
DEFENDANT:  I want to plead true.

 

Based
on this portion of the record, we conclude that the trial court told appellant
about her right to a contested revocation hearing.








After appellant=s counsel filed his brief, we gave appellant the
opportunity to file a pro se response, and she has not filed one.  The State also has not filed a brief.

Once an appellant=s court-appointed attorney files a motion to
withdraw on the ground that the appeal is frivolous and fulfills the
requirements of Anders, this court is obligated to undertake an
independent examination of the record.  See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v.
State, 904 S.W.2d 920, 922B23 (Tex. App.CFort Worth 1995, no pet.).  Only then may we grant counsel=s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82B83, 109 S. Ct. 346, 351 (1988).








We have carefully reviewed the record and counsel=s brief. 
We agree with counsel that this appeal is wholly frivolous and without
merit; we find nothing in the record that might arguably support the appeal.[4]
 See Bledsoe v. State, 178 S.W.3d
824, 827B28 (Tex. Crim. App. 2005).  Accordingly, we grant counsel=s motion to withdraw and affirm the trial court=s judgment. 

 

TERRIE
LIVINGSTON

CHIEF JUSTICE

 

PANEL: 
LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
May 13, 2010











[1]See Tex. R. App. P. 47.4.





[2]Appellant=s plea of true provided the trial court with a sufficient basis alone
to revoke her community supervision.  Cole v.
State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); Battles
v. State, 626 S.W.2d 149, 150 (Tex. App.CFort Worth
1981, no pet.).





[3]In our review of an Anders brief, we may examine possible
issues that arise from the appeal and explain why they lack arguable
merit.  Garner v. State, 300
S.W.3d 763, 767 (Tex. Crim. App. 2009).





[4]The record contains a letter that appellant wrote to the trial court
in July 2009.  That letter revealed her
dissatisfaction with her appointed trial counsel; it impugned his honesty and
delineated various allegedly improper acts such as his alleged refusal to visit
her in jail.  Appellant=s counsel responded to her letter by filing his own letter with the
trial court that factually refuted her allegations. Based on the limited record
in this case, ineffective assistance of counsel is not an arguable ground for
relief because there is nothing in the record to indicate that if appellant had
received different assistance, she would have decided to plead not true to the
State=s allegations or that the result of her proceeding (either as to her
conviction or punishment) would have changed. 
See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984); Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App.
2005).