

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-298-CR

ESSIE OLA PURNELL                                                          APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In 2006, a Denton County grand jury indicted appellant Essie Ola Purnell with forgery of a check, which is a state jail felony. Tex. Penal Code Ann. § 32.21(b), (d) (Vernon Supp. 2009). Later that year, under a plea bargain agreement, appellant received written admonishments, waived certain constitutional and statutory rights, and pled guilty. The trial court deferred its

---

[1] ... *See* Tex. R. App. P. 47.4.

adjudication of appellant's guilt and placed her on three years' community supervision with several written conditions.

In 2009, the State filed a motion that asked the trial court to proceed to the adjudication of appellant's guilt. The State's motion asserted that appellant had, among several other acts, used illegal drugs, failed to report to her supervision officer on several occasions, and failed to complete her community service obligations. The State's motion was delivered to appellant, and the trial court appointed counsel to represent her. At a hearing on the motion, appellant pled true to the motion's allegations, and after she read a letter to the court to ask for leniency, the court found her guilty of the forgery offense and sentenced her to eighteen months' confinement.[2] Appellant filed her notice of this appeal.

Appellant's appellate counsel has filed a motion to withdraw as counsel (contending that appellant's appeal is "ill-founded") and a brief. In the brief, counsel concludes that, in his professional opinion, there is no arguable error to appeal from. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating

---

[2] Appellant's plea of true provided the trial court with a sufficient basis alone to revoke her community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Battles v. State*, 626 S.W.2d 149, 150 (Tex. App.—Fort Worth 1981, no pet.).

why there are no arguable grounds for relief.  386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967).

We note that despite the ultimate conclusion of appellant's counsel's brief that there are no arguable grounds for relief, part of the brief states that there is one potential basis for this appeal because appellant was allegedly not "properly advised on the record at any time as to her full rights with regard to a contested [revocation] hearing and all the ancillary rights associated therewith."[3]   The court of criminal appeals has held that statutory admonishments are not required in community supervision revocation proceedings.  *Harris v. State*, 505 S.W.2d 576, 578 (Tex. Crim. App. 1974). Also, the record from appellant's hearing reveals the following exchange:

> [THE COURT:]  Ms. Purnell, have you seen a copy of the State's motion to revoke your probation and proceed to adjudication?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  Do you feel like you understand what the State is saying you did in that motion?
>
> THE DEFENDANT:  Yes, sir.

---

[3] ... In our review of an *Anders* brief, we may examine possible issues that arise from the appeal and explain why they lack arguable merit.  *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009).

THE COURT: I will tell you that you can challenge that motion. During that process, you'd have your very fine lawyer, Mr. Peugh, by your side helping you out. You could call witnesses in your own behalf, confront and cross-examine witnesses brought against you. You can remain silent and require the State to prove that at least one of those allegations is true and correct to my satisfaction.

You understand you could have that part of the hearing if you wanted to?

THE DEFENDANT: Yes, sir.

THE COURT: My understanding from what your attorney just said is that you do not want to do that, that you want to plead true to the State's motion and just have the issue of punishment presented to me, I guess whether or not to revoke you. I might not revoke you on a plea of true as well, or I could go ahead and put you on a regular probation or go ahead and send you to the state jail for up to two years. So you understand I have that full range open if you plead true?

THE DEFENDANT: Yes, sir.

THE COURT: All right. And what -- what do you want to do? Do you want to plead true, or do you want to plead not true and make the State prove it?

(Brief pause in proceedings.)

THE DEFENDANT: I want to plead true.

Based on this portion of the record, we conclude that the trial court told appellant about her right to a contested revocation hearing.

After appellant's counsel filed his brief, we gave appellant the opportunity to file a pro se response, and she has not filed one. The State also has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal.[4] *See Bledsoe v.*

---

[4] The record contains a letter that appellant wrote to the trial court in July 2009. That letter revealed her dissatisfaction with her appointed trial counsel; it impugned his honesty and delineated various allegedly improper acts such as his alleged refusal to visit her in jail. Appellant's counsel responded to her letter by filing his own letter with the trial court that factually refuted her allegations. Based on the limited record in this case, ineffective assistance of counsel is not an arguable ground for relief because there is nothing in the record to indicate that if appellant had received different assistance, she would have decided to plead not true to the State's allegations or that the result of her proceeding (either as to her conviction or punishment) would have changed. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).

*State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 13, 2010

6