NO. 07-11-0071-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 28, 2011

_____

RAMON SANCHEZ III,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 5866; HONORABLE KELLY G. MOORE, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Ramon Sanchez III appeals from a judgment revoking his probation and sentencing him to four years imprisonment for being a felon who possessed a firearm. He contends the evidence is insufficient to support it. We disagree and affirm it.

Appellant pled guilty to the offense of unlawful possession of a firearm by a felon and was placed on community supervision on November 10, 2009. Subsequently, the State filed a motion to revoke probation on June 3, 2010, alleging appellant had 1) failed to report in person as directed, 2) failed to report a change of address, 3) failed to pay

the cost of a substance abuse evaluation, 4) failed to pay the cost of evaluation for adult placement indicator, 5) failed to pay court costs, a fine, and attorney's fees, and 6) failed to pay community supervision fees. Appellant pled true to all of the allegations except that he failed to report a change of address.

On appeal, appellant contends the evidence is insufficient because the order requiring him to report is impermissably vague, the State failed to show a willful failure to pay the various fees, fines, and costs,[1] and there was no showing as to when the fees for the substance abuse evaluation and the adult placement indicator were due. If a single ground for revocation is supported by a preponderance of the evidence, there is no abuse of discretion in revoking probation. *See Rickels v. State,* 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). A plea of true standing alone is sufficient to support such an order. *Jiminez v. State,* 552 S.W.2d 469, 472 (Tex. Crim. App. 1977).

Appellant pled true both in writing and in court to the failure to pay court costs, his fine, attorney's fees, and community supervision fees, and the trial court accepted his pleas to those violations without qualification. Those unqualified pleas of true were sufficient to support a finding that appellant violated those conditions. *Jones v. State,* 112 S.W.3d 266, 269 (Tex. App.–Corpus Christi 2003, no pet.) (stating that an unqualified plea of true to a violation of payment conditions was sufficient to support the order even though the defendant sought to offer evidence of an inability to pay); *Battles v. State,* 626 S.W.2d 149, 150 (Tex. App.–Fort Worth 1981, no pet.) (stating that the

---

[1]Evidence was offered with respect to the allegation that appellant had not reported a change of address. During that testimony, appellant noted that he had left his home in the hope of finding a job in another city, that his car had been repossessed, that he did not have a phone with which to notify his probation officer he had left town, he was having trouble paying his bills, and he had no money.

court was not required to withdraw the defendant's plea of true to allegations of non-payment when he testified he had an inability to pay).[2]  Because the evidence is sufficient to support at least one ground for revocation, we need not address any other alleged violations.

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.

---

[2]To the extent that appellant contends that his pleas of true did not prevent him from claiming a due process violation, the latter was not asserted below.  Thus, the allegation was not preserved as required by Texas Rule of Appellate Procedure 33.1. *See Broxton v. State,* 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (holding that purported due process violations are waived if not asserted at trial).